**GOULD TRUCKING CO. v. WATT SMITH, et al.**

Railroad & Public Utilities Commission.

April 5, 1956.

50

Wayne K. Ramsay, Jr., Jacksonville, for the complainant.

Ted David, Hollywood, for respondents.

Chairman WILBUR C. KING, commissioners JERRY W. CARTER and ALAN S. BOYD participated in the disposition of this case.

### BY THE COMMISSION.

This proceeding involves a formal complaint filed by Gould Trucking Co. against Watt Smith and Florida Carriers, Inc. The complaint shows that Gould Trucking Co. is a certificated carrier under commission jurisdiction with principal place of business in Tampa, and that the respondents, Watt Smith and Florida Carriers, Inc., are the holder and intended transferee, respectively, of a certificate authorizing heavy hauling and the transportation of cement in truck load lots. Primarily, the complaint is based on the allegation that the respondents are in violation of commission rules, regulations and orders because they domiciled motor vehicle equipment in Tampa without specific authority therefor from the commission.

We held a hearing on the complaint and after considering the arguments of the parties on the facts and the law we found on the basis of the record and announced in open hearing that the complaint had been sustained by the record and that Watt Smith was guilty of violating order #2928, entered in docket #3923-CCT on December 1, 1953, in that he had domiciled motor vehicle equipment in Tampa without specific authority therefor from the commission.

Thereupon, the commission adjudged Watt Smith guilty and assessed a fine of $1,000 against him. In imposing the fine, the commission provided that if the same were not paid within a period of 10 days from the date of the hearing, December 1, 1955, then certificate #L-60, owned and operated by Smith, and all operations thereunder, would stand suspended for a period of 30 days.

We further ordered at that time that Smith immediately cease and desist from domiciling motor vehicle equipment at any place or places in the state other than Orlando or Leesburg.

After the announcement by the commission of its judgment on the complaint, the respondent Smith tendered the sum of $1,000 in payment of the fine imposed. A petition for rehearing and reconsideration accompanied the payment, but such petition has now been withdrawn.

The commission's judgment on the complaint and the assessment of a fine against Watt Smith, announced by the commission in open hearing, is hereby affirmed in every respect and constitutes the formal and final action of the commission in disposing of the complaint.